**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ZAMBEZIA FILM PTY, LTD,                          :
                                                 :
                              Plaintiff,          :
                                                 :
               v.                                :     Civil Case No. 1:13-cv-00092-SLR
                                                 :
JOHN DOES 1-11                                   :     **JURY TRIAL DEMANDED**
                                                 :
                              Defendant.          :
_____          :

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH PLAINTIFF'S RULE 45 SUBPOENA
AND PLAINTIFF'S MOTION TO SEVER PRUSUANT TO RULE 21 BY DEFENDANT
JOHN DOE NO. 5**

**Table of Contents**

**INTRODUCTION**...................................................................................................4

**THE IDENITY OF THE SUBSCRIBER IS RELEVENT TO THE CLAIM OF**

  **COPYRIGHT INFRINGEMENT**.....................................................................4

**THE SUBPOENA WILL NOT IMPOSE ANNOYANCE, EMBARRASSMENT, AND AN**

  **UNDUE BURDEN**...........................................................................................6

**JOINDER IS PROPER**.........................................................................................7

**THE INFRINGEMENT OCCURED THROUGH A SERIES OF TRANSACTIONS**..........7

**THERE ARE COMMON ISSUES OF FACT AND LAW**.......................................9

**THE TIME PERIOD FOR INFRINGEMENT**....................................................10

**JOINDER PROMOTES JUDICIAL EFFICIENCY**.............................................11

**CONCLUSION**..................................................................................................12

**CERTIFICATE OF SERVICE**............................................................................13

## Table of Authorities

**Cases**

Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, (D.D.C. 2011)..................10

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334 (D.D.C. 2011) ........................................6

Ginett v. Computer Task Group, Inc., 962 F.2d 1085 (2d Cir. 1992)............................................7

Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30,
      2012) ....................................................................................................................................6, 10

Malibu Media, LLC v. John Does 1-5, CIV.A. 12-2954, 2012 WL 3641291 (S.D.N.Y. Aug. 24,
      2012) ...........................................................................................................................................7

Mosley v. Gen. Motors Corp., 497 F.2d 1330 (8th Cir. 1974) ....................................................8

Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12,
      2012). ..........................................................................................................................................9

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, (E.D. Mich. Apr.
      5, 2012) .........................................................................................................................8, 9, 10, 11

Patrick Collins, Inc. v. John Does 1-33, CIV.A. 11-02163, 2012 WL 415424 (D. Colo. Feb. 8,
      2012) ..........................................................................................................................................11

Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26,
      2012) .....................................................................................................................................6, 11

Vision Films, LLC v. John Does No. 1-24, CIV.A. 12-1746, 2013 WL 1163988 (D.Del March
      20, 2013) .....................................................................................................................................5

West Coast Productions, Inc. v. John Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011) ........................6

**Other Authorities**

Statement of Deputy Assistant Attorney General Jason Weinstein Before the Senate Judiciary
      Subcommittee on Privacy, Technology and the Law ...................................................................5

## INTRODUCTION

This case involves a copyright owner's effort to protect its mainstream copyrighted movie "Adventures in Zambezia" from numerous unknown individuals, who are illegally copying and distributing the work on the internet using IP addresses located in this District. Plaintiff has been harmed as a result of copyright infringement by numerous residents of this District and has no viable option other than to file suit to prevent further theft of his movie.

Doe No. 5 moves to dismiss the claim of copyright infringement or quash the subpoena served on Verizon Legal Compliance in this matter because (1) Plaintiff's pursuit of early discovery by means of a subpoena is not likely to uncover the identity of the alleged copyright infringer.; and (2) the subpoena would trigger an undue burden, and cause Defendant annoyance and embarrassment.

Doe No. 5 also moves to be severed from the other ten defendants and have his case dismissed without prejudice because Plaintiff fails to meet Rule 20's transactional component for joinder.

## THE IDENITITY OF THE SUBSCRIBER IS RELEVENT TO THE CLAIM OF COPYRIGHT INFRINGEMENT

The only way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet connection was used to commit the infringement. Without this ability, copyright owners would have no recourse against infringement on the internet.

This Court recently held that expedited discovery was proper in a copyright infringement action.  See Vision Films, LLC v. John Does No. 1-24, CIV.A. 12-1746, 2013 WL 1163988 (D.Del March 20, 2013).

> Vision Films, like the Digital Sin plaintiff, has no other way to identify the alleged infringers, apart from serving subpoenas on the ISPs. Accordingly, without granting the pending Motion, Vision Films can neither identify nor serve the defendants, and this action cannot proceed. Additionally, Vision Films asserts, similar to the plaintiff in Digital Sin, that expedited discovery is necessary because evidence identifying the defendants may be destroyed as a result of routine deletion by ISPs. (D.I. 6 at 1 0) Therefore, the present circumstances favor expedited discovery.

Id at 6-7.

Plaintiff uses the same process as Federal Law Enforcement to identify cyber crimes.  In a statement of Deputy Assistant Attorney General Jason Weinstein before the Senate Judiciary on Privacy, Technology and the Law, he discusses how Federal law enforcement uses IP addresses to identify an individual.

> When a criminal uses a computer to commit crimes, law enforcement may be able, through lawful legal process, to identify the computer or subscriber account based on its IP address.  This information is essential to identifying offenders, locating fugitives, thwarting cyber intrusions, protecting children from sexual exploitation and neutralizing terroristic threats.[1]

While this process may not be 100% accurate, it is the most accurate and likely way to identify the person responsible for the use of that IP address.  Indeed, it is the only way.

The Eastern District of Pennsylvania directly addressed whether an IP address was sufficient to identify an infringer.

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer.  Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be

---

[1] Statement of Deputy Assistant Attorney General Jason Weinstein Before the Senate Judiciary Subcommittee on Privacy, Technology and the Law available at www.justice.gov

that a third party used that subscriber's IP address to commit the infringement alleged in this case.

Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) (Internal citations omitted).  The Court went on to note that while the IP address did not guarantee the subscriber was the infringer, "[t]he subpoena is specific enough to give rise to a reasonable likelihood that information facilitating service upon proper defendants will be disclosed if the ISPs comply."  Id.

## THE SUBPOENA WILL NOT IMPOSE ANNOYANCE, EMBARRASSMENT, AND AN UNDUE BURDEN

This case involves main stream media film.  The Defendant cites cases that relate to pornographic media.  The Defendant's claim that being associated with the copyright infringement of a main stream media film will cause embarrassment has no merit.

The claim that compliance with the subpoena constitutes an undue burden has no merit. The Defendant has no basis for alleging undue burden considering he is a third-party and not the recipient of the subpoena.  Numerous courts have addressed this issue in BitTorrent copyright infringement actions and have consistently held that third party defendants do not have standing to quash the subpoena on the basis of undue burden.  See West Coast Productions, Inc. v. John Does 1-5829, 275 F.R.D. 9, 16 (D.D.C. 2011) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.")  Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 338 (D.D.C. 2011) ("the putative defendants face no obligation for produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship."); Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383, at *8

(E.D.Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

## JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures."  Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1094 (2d Cir. 1992) (quoting 6A Wright, Miller & Kane § 1581).  In light of this idea, the Southern District of New York recently found joinder proper noting that "the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same 'series of transactions or occurrences.'"   Malibu Media, LLC v. John Does 1-5, CIV.A. 12-2954, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012).

## THE INFRINGEMENT OCCURED THROUGH A SERIES OF TRANSACTIONS

For the word "series" to have any meaning in Rule 20(a), the rule must permit joinder to be proper when there is something other than a direct transaction.  "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The

analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

Recently, Judge Randon in the Eastern District of Michigan analyzed the facts in a near identical case, expending substantial effort to understand the allegations in the complaint and the applicable law.   Judge Randon summarized the plaintiff's allegation asserting that each Defendant copied the same piece of the same file as follows:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.
>
> By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at 4-5 (E.D. Mich. Apr. 5, 2012).  Judge Randon then explained through the force of clear deductive logic that each Defendant obtained the piece of plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:

1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or

2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or

3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or

4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.

In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

Id.  Having limited the universe to four possibilities the court correctly concluded the transaction

was logically related.

Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same Movie, and 2) allow his or her own computer to be used in the infringement by other peers and Defendants in the same swarm.

Id.

## THERE ARE COMMON ISSUES OF FACT AND LAW

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain

a common question of law or fact.  "The Plaintiff meets this requirement.  In each case, the

Plaintiff will have to establish against each putative defendant the same legal claims concerning

the validity of the copyrights in the movies at issue and the infringement of the exclusive rights

reserved to the plaintiffs as copyright holders."  Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-

FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012).  The "factual issues related to how

BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence

about the infringing activity will be essentially identical for each putative defendant." <u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

"Here, common questions of law and fact are present. Defendants are all accused of violating the same copyright laws. Additionally, the interconnectedness of using BitTorrent to complete the alleged acts creates common questions of fact. Consequently, we find that this low standard is satisfied." <u>Malibu Media, LLC v. John Does 1-15</u>, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

## THE TIME PERIOD FOR INFRINGEMENT

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for an extended period of time. As the Eastern District of Michigan explained the technology, even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later. This consideration, however, is irrelevant since concerted action is not required for joinder.

<u>Patrick Collins, Inc. v. John Does 1-21</u>, CIV.A. 11-15232, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012). Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

The Southern District of New York in recognizing that the concept of joinder is adaptable to changing technological landscapes impacting the complexity of lawsuits stated,

"[w]hile the period at issue may therefore appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to the technologies of our time." Malibu Media, LLC v. John Does 1-5, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012). The Michigan Court further explained that time constraints should not impact that the infringements occurred through a series of transactions. "[T]he law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm." Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012).

## JOINDER PROMOTES JUDICIAL EFFICIENCY

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, CIV.A. 11-02163, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

The Eastern District of Pennsylvania has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

The District of New Jersey also recently addressed this issue and stated, "[t]he sensible interpretation of Rule 20 by the United States Supreme Court in Gibbs is to promote judicial economy, prevent a multiplicity of lawsuits, and reduce inconvenience, delay and added expense" Malibu Media, 2012 WL 6203697 at 7 (citing Malibu Media, 2012 WL 3089383 at 2).

11

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests the Court to deny the motion to quash and motion to sever filed by Doe No. 5 in this matter.

Respectfully submitted,

Dated:  May 8, 2013

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Attorneys for Plaintiff*

12

## CERTIFICATE OF SERVICE

I hereby certify that on Mai 8, 2013, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis